IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brittany Peay, <br><br> Plaintiff, <br><br> v. <br><br> Florence County, Michelle Hackman, in her individual capacity, and Jesse S. Cartrette, in his individual capacity, <br><br> Defendants. | C/V No.: <br><br><br><br> COMPLAINT |

## INTRODUCTION

Plaintiff Brittany Peay, by and through her undersigned attorneys, brings the Cause of Action of Retaliation in Violation of the Family Medical Leave Act, Breach of Contract, and Intentional Infliction of Emotional Distress against Florence County, Michelle Hackman, in her individual capacity, and Jesse S. Cartrette, in his individual capacity ("Defendants") based on the following allegations.

## PARTIES

1. Plaintiff Brittany Peay is a citizen of the United States residing in this judicial district, and a former employee of Defendant.

2. Defendant Florence County is a County as defined in S.C. Code Ann. § 4-1-1-10.

3. Defendant Michelle Hackman is an Associate Probate Judge of Defendant Florence County.

4. Defendant Jesse S. Cartrette is a Probate Judge of Defendant Florence County.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 29 U.S.C. Sections 2601 et. seq., this being a proceeding to enforce rights and remedies secured under (The Family Medical Leave Act ("FMLA")).

6. Venue is proper in the Florence Division, because the causes of action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

**FACTS**

7. Plaintiff began working for Florence County as an Administrative Assistant to the Probate Judge on March 26, 2018.

8. Plaintiff performed her job well and to the best of her ability at all times.

9. During her employment, Plaintiff never received a writeup or discipline.

10. On October 16, 2023, Plaintiff was seen in the emergency room due to her multiple sclerosis, and was excused from work for one week, to October 23, 2023.

11. On December 13, 2023, Plaintiff again saw her doctor, and on December 18, 2023, she was informed she would need to be out of work for one month, to January 18, 2023.

12. In accordance with Defendant's policies, Plaintiff submitted her request for leave and doctor's note to Judge Michelle Hackman, Associate Probate Judge.

13. Plaintiff also informed her coworkers of her absence.

14. When Plaintiff requested leave, Judge Hackman questioned the timing of Plaintiff's leave request, and treated Plaintiff in a hostile manner.

15. Plaintiff was informed by Judge Hackman that she needed to use her sick leave before requesting leave under the Family Medical Leave Act, which she did.

16. On December 20, 2023, Plaintiff went to Florence County human resources office to file a complaint against Judge Hackman due to her creating a hostile work environment in the office.

17. . At that time, Plaintiff was informed that Plaintiff could in fact submit FMLA, and that the probate judges decision that she use sick leave instead of FMLA was erroneous, so she submitted that paperwork and informed the probate judge.

18. On December 28, 2023, Plaintiff received a letter via certified mail from Judge Cartrette, informing her that she was terminated as of December 18, 2023, the same day she submitted her FMLA request.

19. Plaintiff maintains that she was terminated in retaliation for seeking FMLA, in violation of Defendant's own policies.

20. As a result of Defendants' actions, Plaintiff has missed vital treatment for her multiple sclerosis, and continues to suffer mental, emotional, and financial harm as a result of Defendants' unlawful acts.

## FIRST CAUSE OF ACTION
RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT AS TO DEFENDANT FLORENCE COUNTY

21. Plaintiff is a covered employee as defined under the Family Medical Leave Act.

22. On or around December 18, 2023, Plaintiff timely requested leave in accordance with Defendant's policies

23. However, Plaintiff was told she could not use FMLA, and would have to use her own leave time.

24. When Plaintiff was informed she could use FMLA, she promptly filed an appropriate leave request as required under the Act.

3

25. Thereafter, Plaintiff was summarily terminated on December 28, 2023, effective as of the date she submitted her FMLA request, in retaliation for filing FMLA in violation of the Act.

26. Therefore, Plaintiff respectfully requests this Court grant all damages as is appropriate in the Action, including backpay, front pay, and punitive damages.

<b><u>SECOND CAUSE OF ACTION</u></b><br>
BREACH OF CONTRACT AS TO DEFENDANT FLORENCE COUNTY

27. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

28. Plaintiff and Defendant Florence County entered into a valid and binding contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in in exchange for valuable consideration, her salary.

29. Upon information and belief, Plaintiff performed her duties with due diligence and without incident throughout her employment with Defendant.

30. Upon information and belief, Defendant maintains policies regarding leave procedures, including, but not limited to, policies concerning sick leave, and FMLA which were applicable to Plaintiff.

31. Plaintiff placed faith in and relied upon the assurances in these policies when she requested leave and informed her supervisors, Defendants Hackman and Cartrette , about her multiple sclerosis and medical care necessitating leave.

32. Defendant Florence County's conduct, by and through its agents, breached the covenants of good faith and fair dealing implied in the employment contract.

33. Plaintiff has suffered damages in the form of anxiety, loss of sleep, and lost wages due to the Defendants' total failure to act with due regard to the rights of Plaintiff secured through the employment contract.

34. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of his lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

### THIRD CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANTS HACKMAN AND CATRETTE

35. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

36. Defendants intentionally denied Plaintiff leave under their own policies, ultimately terminating Plaintiff and causing her severe emotional distress.

37. Defendants further escalated their infliction of emotional distress against Plaintiff by refusing to communicate with Plaintiff regarding her termination.

38. Accordingly, due to the acts of Defendants, Plaintiff is entitled to injunctive relief and civil damages from Defendants Hackman and Tyner.

39. Plaintiff is further entitled to injunctive relief and/or civil damages, to include medical expenses.

### JURY TRIAL REQUESTED

40. Plaintiff hereby requests a jury trial.

### PRAYER FOR RELIEF

41. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant's

actions complained of herein violated the rights guaranteed to Plaintiffs and issue its judgment:

(1) Declaring the actions complained of herein illegal.

(2) Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of The Family Medical Leave Act (Retaliation) and the Common Laws of the State of South Carolina (Breach of Contract and Intentional Infliction of Emotional Distress).

(3) Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

(4) Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(5) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

[SIGNATURE BLOCK ON THE FOLLOWING PAGE]

      Respectfully Submitted

  __s/Donald Gist_____  
Donald Gist, Esq. Fed. ID# 7178  
Erica McCrea, Esq. Fed. ID# 13493  
***GIST LAW FIRM, P.A.***  
4400 North Main Street  
Columbia, South Carolina 29203  
Tel. (803) 771-8007  
Fax (803) 771-0063  
Email: dtommygist@yahoo.com  
       ericamccrea@gistlawfirm.com

March 18, 2024