UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRITTANY PEAY, | Civil Action No. 4:24-cv-1307-JD-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| FLORENCE COUNTY, MICHELLE HACKMAN, in her individual capacity, and JESSE S. CARTRETTE, in his individual capacity, | |
| Defendants. | |

## I.     INTRODUCTION

This action arises from Plaintiff's employment with Defendant Florence County. She alleges causes of action for retaliation in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., breach of contract, and intentional infliction of emotional distress. Presently before the court is Defendants' Motion to Dismiss (ECF No. 6) Defendants Michelle Hackman and Jesse S. Cartrette. Plaintiff filed a Response (ECF No. 8), and Defendants filed a Reply (ECF No. 10). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Plaintiff began working for Florence County as an Administrative Assistant to the Probate Judge on March 26, 2018. Compl. ¶ 7 (ECF No. 1). On October 16, 2023, Plaintiff was seen in the emergency room due to her multiple sclerosis, and was excused from work for one week, until

October 23, 2023. Compl. ¶ 10. Plaintiff again saw her doctor on December 13, 2023, and was informed on December 18, 2023, that she would need to be out of work for one month, until January 18, 2024. Compl. ¶ 11. Plaintiff submitted her request for leave and her doctor's note to Associate Probate Judge Michelle Hackman, who questioned the timing of Plaintiff's leave and treated Plaintiff in a hostile manner. Compl. ¶¶ 12, 14. Judge Hackman informed Plaintiff that she needed to use her sick leave before requesting leave under the FMLA, which she did. Compl. ¶ 15.

On December 20, 2023, Plaintiff went to the Florence County Human Resources office to file a complaint against Judge Hackman due to her creating a hostile work environment in the office. Compl. ¶ 16. At that time, Plaintiff was informed that she could in fact submit FMLA leave, and Judge Hackman's decision that she use sick leave instead of FMLA leave was erroneous, so Plaintiff submitted the FMLA paperwork and informed the probate judge. Compl. ¶ 17. On December 28, 2023, Plaintiff received a letter via certified mail from Probate Judge Cartrette informing her that she was terminated as of December 18, 2023. Compl. ¶ 18.

Plaintiff alleges that Judges Hackman and Cartrette "intentionally denied Plaintiff's leave under their own policies, ultimately terminating Plaintiff and causing her severe emotional distress. Defendants further escalated their infliction of emotional distress against Plaintiff by refusing the communicate with Plaintiff regarding her termination." Compl. ¶¶ 36-37.

### III. STANDARD OF REVIEW

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Rule 12(b)(2) allows a Defendant to move for dismissal for lack of personal jurisdiction. When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). When the court

resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." Id. However, the plaintiff's showing must be based on specific facts set forth in the record. Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc., 784 F. Supp. 306, 310 (D.S.C. 1992). The court may consider the parties' pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor, and assuming plaintiff's credibility." Sonoco Prods. Co. v. ACE INA Ins., 877 F. Supp. 2d 398, 404-05 (D.S.C. 2012) (internal quotations omitted); Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff.").

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual

> matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.  DISCUSSION

Defendants argue that Plaintiff cannot bring a claim against the individual Defendants for intentional infliction of emotional stress under the South Carolina Tort Claims Act (SCTCA). The SCTCA "constitutes the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). Specifically, §15-78-70(a) provides that "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15–78–70(a). Subsection (b) states "[n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15–78–70(b).

Plaintiff argues that the SCTCA does not apply because she has not sued Judges Hackman and Cartrette in their official capacities, but in their individual capacities. However, Plaintiff's factual allegations belie this representation, regardless of how Plaintiff chose to caption this case. Plaintiff alleges that Judges Hackman and Cartrette "intentionally denied Plaintiff's leave under their own policies, ultimately terminating Plaintiff and causing her severe emotional distress. Defendants further escalated their infliction of emotional distress against Plaintiff by refusing the communicate

with Plaintiff regarding her termination." Compl. ¶¶ 36-37. Denying Plaintiff leave, terminating her employment, and refusing to communicate with Plaintiff about her termination all occurred within the context of Judges Hackman's and Cartrette's role as Plaintiff's supervisors. "[T]he course of someone's employment requires some 'act in furtherance of the employer's business.'" Frazier v. Badger, 361 S.C. 94, 102, 603 S.E.2d 587, 591 (2004) (citing South Carolina State Budget and Control Bd. v. Prince, 304 S.C. 241, 246, 403 S.E.2d 643, 647 (1991)). All of the conduct as alleged by Plaintiff was done in furtherance of Florence County's business. Therefore, the SCTCA applies and is "the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a).

The SCTCA explicitly excludes claims for intentional infliction of emotional distress. The SCTCA defines a loss as

> . . . bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and any other element of actual damages recoverable in actions for negligence, <u>but does not include the intentional infliction of emotional harm</u>.

S.C. Code Ann. § 15-78–30(f) (2014) (emphasis added); see also Arora v. James, No. 5:14-cv-00018 JMC, 2015 WL1011341, at *3 (D.S.C. March 6, 2015) ("The SCTCA specifically excludes claims for intentional infliction of emotional distress against a government entity and its employees and agents."); e.g. Tucker v. Shelton, No. 6:16-cv-313-TMC-KFM, 2017 WL 6033521, at *3 (D.S.C. November 20, 2017) (recommending that summary judgment be granted for the defendant governmental entity on the plaintiff's intentional infliction of emotional distress claim pursuant to S.C. Code Ann. § 15-78-30(f)). Accordingly, dismissal of Plaintiff's claim for intentional infliction of emotional distress is appropriate.

Defendants also argue that this court lacks personal jurisdiction over the individual Defendants with respect to Plaintiff's FMLA claim. However, Plaintiff specifically states in her complaint and again in her response that her FMLA claim is against Defendant Florence County only. The only claim specifically asserted against the individual Defendants is the intentional infliction of emotional distress claim discussed above, and it is recommended that the claim be dismissed , which would also dismiss the individual Defendants from this action. Therefore, to the extent Defendant seeks to dismiss the FMLA claim as to the individual Defendants, the argument is moot.

## V.   CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (ECF No. 6) be granted as to Plaintiff's cause of action for intentional infliction of emotional distress and that Defendants Hackman and Cartrette be dismissed from this action. To the extent Defendants seek dismissal of Plaintiff's FMLA cause of action against the individual Defendants, Plaintiff clarifies that she has not asserted an FMLA claim against them and, thus, that request is moot.

    s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

August 15, 2024
Florence, South Carolina

**The parties are directed to the important information on the attached page.**