IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brittany Peay, ) | Case No.: 4:24-cv-1307-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Florence County, Michelle Hackman, ) | |
| in her individual capacity, and Jesse ) | |
| S. Cartrette, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 14), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Defendants Florence County, Michelle Hackman ("Hackman"), in her individual capacity, and Jesse S. Cartrette ("Cartrette"), in his individual capacity's (collectively "Defendants") Motion to Dismiss (DE 6) Plaintiff Brittany Peay's ("Plaintiff" or "Peay") claims against Hackman and Cartrette individually.[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## A. Background

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary taken as true from the Complaint.

Plaintiff began working for Florence County as an Administrative Assistant to the Probate Judge on March 26, 2018. (DE 1 ¶ 7.) On October 16, 2023, Plaintiff was seen in the emergency room due to her multiple sclerosis and was excused from work for one week until October 23, 2023. (*Id.* ¶ 10.) Plaintiff again saw her doctor on December 13, 2023, and was informed on December 18, 2023, that she would need to be out of work for one month until January 18, 2024. (*Id.* ¶ 11.) Plaintiff submitted her request for leave and her doctor's note to Associate Probate Judge Michelle Hackman, who questioned the timing of Plaintiff's leave and treated Plaintiff in a hostile manner. (*Id.* ¶¶ 12, 14.) Judge Hackman informed Plaintiff that she needed to use her sick leave before requesting leave under the FMLA, which she did. (*Id.* ¶ 15.)

On December 20, 2023, Plaintiff went to the Florence County Human Resources office to file a complaint against Judge Hackman because she created a hostile work environment in the office. (*Id.* ¶ 16.) At that time, Plaintiff was informed that she could submit FMLA leave, and Judge Hackman's decision to use sick leave instead of FMLA leave was erroneous, so Plaintiff submitted the FMLA paperwork and informed the probate judge. (*Id.* ¶ 17.) On December 28, 2023, Plaintiff received

2

a letter via certified mail from Probate Judge Cartrette informing her that she was terminated as of December 18, 2023. (*Id.* ¶ 18.)

Plaintiff alleges that Judges Hackman and Cartrette "intentionally denied Plaintiff's leave under their own policies, ultimately terminating Plaintiff and causing her severe emotional distress. Defendants further escalated their infliction of emotional distress against Plaintiff by refusing to communicate with Plaintiff regarding her termination." (*Id.* ¶¶ 36-37.)

On March 18, 2024, Plaintiff sued Defendants, alleging Retaliation in Violation of the FMLA, Breach of Contract against Florence County, and Intentional Infliction of Emotional Distress against Hackman and Cartrette. (DE 1.) Defendants move to dismiss Plaintiff's Complaint because it fails to state a claim on which relief can be granted. (DE 6.)

**B. Report and Recommendation**

On August 15, 2024, the Magistrate Judge issued the Report recommending that,

> Defendants' Motion to Dismiss (ECF No. 6) be granted as to Plaintiff's cause of action for intentional infliction of emotional distress and that Defendants Hackman and Cartrette be dismissed from this action. To the extent Defendants seek dismissal of Plaintiff's FMLA cause of action against the individual Defendants, Plaintiff clarifies that she has not asserted an FMLA claim against them and, thus, that request is moot.

(DE 14 at 6.) The Report made these findings:

(1)   All of the conduct as alleged by Plaintiff was done in furtherance of Florence County's business. Therefore, the SCTCA applies and is "the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a).

3

> (2) Defendants also argue that this court lacks personal jurisdiction over the individual Defendants with respect to Plaintiff's FMLA claim. However, Plaintiff specifically states in her complaint and again in her response that her FMLA claim is against Defendant Florence County only. . . . Therefore, to the extent Defendant seeks to dismiss the FMLA claim as to the individual Defendants, the argument is moot.

(*Id.* at 5-6.) On August 29, 2024, Plaintiff objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objection

Plaintiff objects to the Report finding that the SCTCA is Plaintiff's "exclusive remedy for any tort committed by an employee of a governmental entity[]" quoting S.C. Code Ann. § 15-78-70(a). Plaintiff argues that:

4

> none of the actions that Plaintiff complains of were undertaken by the Defendants to advance, promote, or enhance the operations and objectives of Florence County. Defendant's refusal to communicate with Plaintiff about her termination, her denial of FMLA Medical Leave, and her retaliatory termination after that in no way furthers, enhances, or advances the business of Florence County.

(DE 15 at 5.) This Court disagrees. The Report adeptly considered this argument and found that,

> Plaintiff's factual allegations belie this representation, regardless of how Plaintiff chose to caption this case. Plaintiff alleges that Judges Hackman and Cartrette "intentionally denied Plaintiff's leave under their own policies, ultimately terminating Plaintiff and causing her severe emotional distress. Defendants further escalated their infliction of emotional distress against Plaintiff by refusing [to] communicate with Plaintiff regarding her termination." Compl. ¶¶ 36-37. *Denying Plaintiff leave, terminating her employment, and refusing to communicate with Plaintiff about her termination all occurred within the context of Judges Hackman's and Cartrette's role as Plaintiff's supervisors.* "[T]he course of someone's employment requires some 'act in furtherance of the employer's business.'" *Frazier v. Badger*, 361 S.C. 94, 102, 603 S.E.2d 587, 591 (2004) (citing *South Carolina State Budget and Control Bd. v. Prince*, 304 S.C. 241, 246, 403 S.E.2d 643, 647 (1991)). All of the conduct as alleged by Plaintiff was done in furtherance of Florence County's business.

(DE 14 at 5) (emphasis added.) Although Plaintiff tries to construe her Complaint as only targeting the actions of Hackman and Cartrette "that in no way furthers, enhances, or advances the business of Florence County[,]" this argument ignores the underlying offense, the alleged retaliatory denial of FMLA benefits and termination. Since the conduct challenged is the denial of FMLA and termination, which can be effectuated only by the employer (not individuals operating in their individual capacities), Plaintiff's objection is overruled.

5

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 14) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 6) is granted as to Plaintiff's cause of action for intentional infliction of emotional distress. **IT IS FURTHER ORDERED** that Defendants Hackman and Cartrette are dismissed from this action.

**AND IT IS SO ORDERED.**

Florence, South Carolina
November 6, 2024

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.