IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brittany Peay, ) | Case No.: 4:24-cv-01307-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Florence County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 33) issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina, following Defendant Florence County's Motion for Summary Judgment (DE 23).[1] (DE 33).

### A. Background

The Report accurately sets forth the relevant factual and legal background, which the Court adopts herein without full recitation. Nevertheless, the following summary is provided for context.

Plaintiff began working for Florence County as an Administrative Assistant to the Probate Judge on March 26, 2018. (DE 1 ¶ 7.) On October 16, 2023, Plaintiff was

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

seen in the emergency room due to her multiple sclerosis and was excused from work for one week until October 23, 2023. (*Id.* ¶ 10.) Plaintiff again saw her doctor on December 13, 2023, and was informed on December 18, 2023, that she would need to be out of work for one month until January 18, 2024. (*Id.* ¶ 11.) Plaintiff submitted her request for leave and her doctor's note to Associate Probate Judge Michelle Hackman, who questioned the timing of Plaintiff's leave and purportedly treated Plaintiff in a hostile manner. (*Id.* ¶¶ 12, 14.) Judge Hackman informed Plaintiff that she needed to use her sick leave before requesting leave under the FMLA, which she did. (*Id.* ¶ 15.)

On December 20, 2023, Plaintiff went to the Florence County Human Resources office to file a complaint against Judge Hackman because she created a hostile work environment in the office. (*Id.* ¶ 16.) At that time, Plaintiff was informed that she could submit FMLA leave, and Judge Hackman's decision to use sick leave instead of FMLA leave was erroneous, so Plaintiff submitted the FMLA paperwork and informed the probate judge. (*Id.* ¶ 17.) On December 28, 2023, Plaintiff received a letter via certified mail from Probate Judge Cartrette informing her that she was terminated as of December 18, 2023. (*Id.* ¶ 18.)

On March 18, 2024, Plaintiff sued Defendants, alleging Retaliation in Violation of the FMLA, Breach of Contract against Florence County, and Intentional Infliction of Emotional Distress against Hackman and Cartrette. (DE 1.) By Order dated November 6, 2024, this Court dismissed Defendants Hackman and Cartrette from this action, and these parties no longer appear in the caption as Defendants. (DE 20.)

The only remaining causes of action are retaliation in violation of the Family Medical Leave Act and breach of contract. (See *id.*)

On November 18, 2024, Defendant Florence County moved to dismiss this action based on Plaintiff's failure to prosecute her case and meet the deadlines set forth in the Scheduling Order. Specifically, Defendant contends that Plaintiff failed to initiate or participate in a Rule 26(f) conference, file initial disclosures pursuant to Rule 26(a), or attempt to conduct any discovery until after the discovery deadline had passed. (*See* DE 23-1 at 11.) In the alternative, Defendant moves for summary judgment, contending that Plaintiff has not established a prima facie case of retaliation because she has not shown that she engaged in a protected activity. (*See* DE 23-1 at 6.) Further, Defendant contends that even if Plaintiff had established a prima facie retaliation claim, the County provided a non-retaliatory reason for terminating her, namely, that she violated the company's leave policy based on Plaintiff's purported failure to meet the elements for retaliation in violation of the Family Medical Leave Act and breach of contract. (*Id.*)

### B. Report and Recommendation

On June 11, 2025, the Magistrate Judge issued the Report, recommending that Defendant's Motion for Summary Judgment (DE 23) be denied, with leave to refile following an amended scheduling order to allow the parties to conduct further discovery and mediation (DE 33).

In reaching this recommendation, the Magistrate Judge first addressed Defendant's request for dismissal under Rule 16(f) of the Federal Rules of Civil

Procedure, which was based on Plaintiff's failure to initiate or participate in the Rule 26(f) conference, file Rule 26(a) initial disclosures, or conduct discovery prior to the expiration of the October 18, 2024 discovery deadline. The Magistrate Judge acknowledged Plaintiff's delays and noncompliance with the scheduling order but found that Defendant failed to demonstrate any specific prejudice arising from these procedural deficiencies. The Magistrate Judge further noted that dismissal under Rule 16(f) is an extreme sanction and concluded that the record did not support such a remedy, particularly in light of the absence of a prior court warning, Defendant's own delays in initiating discovery until nearly five months after entry of the scheduling order, and the strong public policy favoring resolution of disputes on the merits. (*See* DE 33 at 5-8.)

Turning to the merits under Rule 56, the Magistrate Judge evaluated Defendant's alternative motion for summary judgment on Plaintiff's remaining claims of retaliation under the Family and Medical Leave Act ("FMLA") and breach of contract. With respect to the FMLA retaliation claim, the Magistrate Judge found that Defendant failed to meet its initial burden under Rule 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), because it presented factual assertions—such as Plaintiff's alleged noncompliance with the County's notice and certification requirements—without supporting citations to the record. As a result, Defendant did not establish the absence of a genuine dispute of material fact. (*See* DE 33 at 9-10.)

As to Plaintiff's breach of contract claim, the Magistrate Judge found that Defendant submitted competent evidence, including the County's Personnel Policy

4

Manual disclaimer signed by Plaintiff, which explicitly confirmed that her employment was at-will and negated any contractual limitation on the County's right to terminate her employment. This evidence undercut the legal viability of the breach of contract claim. Nonetheless, given Plaintiff's invocation of the need for additional discovery under Rule 56(d) and the incomplete state of the record, the Magistrate Judge recommended denying summary judgment at this juncture with leave to refile following additional discovery. (See DE 33 at 10-14.)

Accordingly, the Magistrate Judge recommended denying Defendant's Motion for Summary Judgment without prejudice to Defendant's right to refile such a motion after the completion of further discovery under the amended scheduling order issued contemporaneously with the Report. (DE 33 at 14.)

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since neither party objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 33) and incorporates it here by reference.

5

It is, therefore, ORDERED that Defendant's Motion for Summary Judgment (DE 23) is DENIED with leave to refile in accordance with the Amended Scheduling Order (DE 34).

**IT IS SO ORDERED**.

Florence, South Carolina
July 11, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.