IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BRITTANY PEAY, | ) | Civil Action No. 4:24-cv-01307-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| FLORENCE COUNTY, MICHELLE HACKMAN, in her individual capacity, and JESSEE S. CARTRETTE, in his individual capacity, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 46), concerning Defendant Florence County's[1] Motion for Summary Judgment (DE 41) as to Plaintiff's claim for retaliation in violation of the Family and Medical Leave Act.[2] The Report recommends that the motion be granted and that the Court decline to exercise

---

[1]    The Court previously dismissed Plaintiff's claim for intentional infliction of emotional distress and dismissed Defendants Hackman and Cartrette from this action; thus, the remaining claims are asserted solely against Florence County. (DE 20.)

[2]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

supplemental jurisdiction over Plaintiff's remaining state-law breach of contract claim. (DE 46.)

Having carefully reviewed the Report, the parties' objections, and the record, the Court adopts the Report and Recommendation (DE 46) in full and grants Defendant Florence County's Motion for Summary Judgment (DE 41).

## I.     BACKGROUND

### A.     Factual Background

Defendant Florence County employed plaintiff in the Florence County Probate Court as an administrative assistant to the Probate Judge. (DE 1 ¶ 7.) Michelle Hackman ("Hackman") was an Associate Probate Judge, and Jesse Cartrette was a Probate Judge. (DE 1 ¶¶ 3–4.) Plaintiff alleges that she had been employed in this role for several years and was performing her job satisfactorily before the events giving rise to this action. (*Id.* ¶¶ 8–9.)

During her employment, Plaintiff experienced a serious health condition that required her to take leave from work. The evidence in the record includes a doctor's note, dated December 18, 2023, stating that Plaintiff "was seen in my clinic on December 13, 2023. It is my medical opinion that [Plaintiff] may return to work on January 18, 2024." (DE 42-3.) Plaintiff completed a County of Florence Request for Leave form, also dated December 18, 2023, indicating she was requesting sick leave to begin December 19, 2023, and end on January 17, 2024. (DE 42-1.) Plaintiff signs it but does not include signatures for "Department Director Approval" or "Human Resources Approval." (*Id.*)

At 4:46 pm that day, Plaintiff emailed Judges Hackman and Cartrette with the subject line "I will be out for a while." (DE 42-2.) She stated that she has been in contact with her doctor and "he has written me out of work from Probate Court and has me returning January 18, 202[4]." (*Id.*) Plaintiff also included in the email updates on the status of the work she has completed and had yet to complete. (*Id.*) A County of Florence Disciplinary Action Notice purportedly completed by Judge Hackman sets forth the events that followed Plaintiff's email, which stated:

> On December 18, 2023, around 4:45 pm Brittany sent an email to myself and Judge Cartrette about being out. Brittany then brought her paperwork to my office and I asked her about the contents of the email and she started arguing with me. She walked out of my office and I told her to come back and she stated she had to use the bathroom. I waited and she didn't come back. I called the front desk at 4:54 pm and Gabby stated she was not up there. I received a call from Brittany from her extension at 4:55 pm. Brittany was very argumentative and telling me I was not going to talk to her like a child nor or [sic] point my finger at her (which I have never done). I asked her 2 times to come to my office. When she walked into my office she was disrespectful and told me I had 4 minutes to talk and during the talk she was arguing with me and being disrespectful and I told her so. She walked out of my door saying I talk down to her and I was unethical.
>
> Numerous times that day I requested her timesheet from her as well as 2 emails went out about it. Brittany has been disrespectful and causing problems with other staff members.
>
> I immediately contacted Judge Cartrette about what happened and he decided that day to terminate her employment because of her behavior.

(DE 41-3.)

Plaintiff disputes Defendant's characterization of these events and contends that the stated reasons are a pretext for retaliation. (DE 42.)

3

In addition to her FMLA retaliation claim, Plaintiff asserts a state-law claim for breach of contract, alleging that Florence County failed to follow its own employment policies and procedures in connection with the termination of her employment with the Probate Court. (DE 1.)

## B.     Procedural Posture

Plaintiff initiated this action by filing the Complaint against Florence County, Michelle Hackman, and Jesse S. Cartrette on March 18, 2024. (DE 1.) Defendant thereafter filed a partial motion to dismiss, seeking dismissal of Defendants Hackman and Cartrette, who were sued in their individual capacities, as well as Plaintiff's claim for intentional infliction of emotional distress. (DE 6.) The Court adopted the Magistrate Judge's Report and Recommendation (DE 14) and granted the motion, dismissing those defendants and that claim. (DE 20.)

Defendant later filed an initial motion for summary judgment. (DE 23.) The Magistrate Judge recommended that the motion be denied with leave to refile after discovery is completed (DE 33), and the Court adopted that recommendation and entered an amended scheduling order. (DE 38.)

Following the close of discovery, Defendant Florence County filed the present Motion for Summary Judgment. (DE 41.) Plaintiff filed a response in opposition (DE 42), and Defendant filed a reply. (DE 43.)

## II.     REPORT AND RECOMMENDATION

On January 15, 2026, the Magistrate Judge issued the Report recommending Florence County's Motion for Summary Judgment be granted as to Plaintiff's claim for retaliation in violation of the FMLA. (DE 46.) Applying the McDonnell Douglas

4

burden-shifting framework, the Magistrate Judge concludes that, although Plaintiff has established a prima facie case of retaliation—including causation based on temporal proximity—Defendant has articulated a legitimate, non-retaliatory reason for the termination, and Plaintiff has failed to present evidence from which a reasonable jury could find that reason to be pretextual. (*Id.*)

The Report further recommends that, because the federal claim should be dismissed, the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim for breach of contract. (*Id.*) Accordingly, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted as to the FMLA retaliation claim and that the remaining state-law claim be dismissed without prejudice. (*Id.*)

### III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the

magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    OBJECTIONS

Plaintiff lodges several objections to the Magistrate Judge's recommendation that summary judgment be granted on her FMLA retaliation claim. (DE 47.) Liberally construed, Plaintiff argues that the Report erred in concluding that Defendant articulated a legitimate, non-retaliatory reason for her termination and that she failed to establish pretext. (DE 47 at 5–11.) The Court has reviewed de novo those portions of the Report to which Plaintiff specifically objects.

Claims of FMLA retaliation are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d 541, 550–51 (4th Cir. 2006). Under that framework, once a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If such a reason is provided, the burden returns to the plaintiff to demonstrate that the proffered reason is pretext for unlawful retaliation. *See id.* At all times, the ultimate burden of persuasion remains with the plaintiff. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08 (1993).

Here, as the Magistrate Judge recognized, Defendant has articulated a legitimate, non-retaliatory reason for Plaintiff's termination—namely, her alleged insubordinate and disrespectful conduct on December 18, 2023. (DE 46 at 6.)

Accordingly, the dispositive issue is whether Plaintiff has produced sufficient evidence from which a reasonable jury could conclude that this explanation is pretextual and that retaliation was the real reason for the adverse action. *See Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d at 551.

Plaintiff first relies on the temporal proximity between her request for leave and her termination. (DE 47 at 9–10.) She further contends that she complied with applicable FMLA notice requirements and Defendant's internal policies in requesting leave. (*Id.* at 7–9.) While temporal proximity may suffice to establish causation at the prima facie stage, temporal proximity alone cannot create a genuine issue of material fact as to pretext. *See Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d at 551. Once an employer has articulated a legitimate reason, the plaintiff must do more than show that the adverse action closely followed protected activity; she must present evidence that the employer's explanation is false or unworthy of credence. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. at 515. Plaintiff has not done so here.

Second, Plaintiff argues that Defendant's explanation is undermined by her lack of prior disciplinary history and by Defendant's alleged failure to follow progressive discipline policies. (DE 47 at 10–11.) However, disagreement with the severity of an employer's disciplinary decision, or the manner in which it applies internal policies, does not establish pretext absent evidence that the stated reason is a cover for unlawful retaliation. *See Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006). Plaintiff offers no evidence that similarly situated employees were

treated differently or that Defendant's reliance on her conduct was not the real reason for her termination.

Third, Plaintiff challenges the evidentiary basis of Defendant's explanation, asserting that the Disciplinary Action Notice is unauthenticated and unsupported by a proper foundation. (DE 47 at 9–10.) Even assuming arguendo that Plaintiff raises a question as to the form of this document, she fails to identify affirmative evidence contradicting Defendant's account of the events or otherwise demonstrating that the proffered reason is false. At the summary judgment stage, the non-moving party must do more than raise technical objections; she must present evidence from which a reasonable jury could find in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Fourth, Plaintiff points to alleged discrepancies involving materials from the South Carolina Department of Employment and Workforce ("SCDEW") as evidence of pretext and Defendant's credibility. (DE 47 at 10–11.) As the Magistrate Judge correctly observed, however, such discrepancies—even if established—do not meaningfully undermine Defendant's stated reason for termination. *See Hux v. City of Newport News*, 451 F.3d at 315 (explaining that minor inconsistencies that do not call into question the validity of the employer's explanation are insufficient to create a genuine dispute of material fact).

Taken together, Plaintiff's objections fail to identify evidence from which a reasonable jury could conclude that Defendant's stated reason was false or that retaliation was the but-for cause of her termination. *See Guessous v. Fairview Prop.*

*Invs., LLC*, 828 F.3d 208, 216–17 (4th Cir. 2016). Rather, Plaintiff largely reiterates the same arguments considered and rejected by the Magistrate Judge.

Finally, Plaintiff argues that the Court should retain supplemental jurisdiction over her breach of contract claim because it arises from the same nucleus of operative fact and that doing so would promote judicial economy. (DE 47 at 11–12.) Under 28 U.S.C. § 1367(c)(3), however, a district court may decline to exercise supplemental jurisdiction once it "has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has emphasized that district courts retain "wide latitude" in making this determination and should consider factors such as judicial economy, convenience, fairness, comity, and the existence of any underlying issues of federal policy. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Here, those factors support declining jurisdiction. This case has not proceeded to trial, and no substantial federal judicial resources have been expended on resolving the merits of the state-law claim. The remaining claim also presents issues of state contract law better resolved by the state courts, and there are no overriding federal interests counseling in favor of retaining jurisdiction. See *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, the Court agrees with the Magistrate Judge that it should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim.

Upon de novo review, the Court finds Plaintiff's objections without merit.

## V.     CONCLUSION

Accordingly, after a de novo review of the portions of the Report to which specific objections were made, and a review of the record, the applicable law, and the Magistrate Judge's thorough analysis, the Court overrules Plaintiff's objections (DE 47) and adopts the Report and Recommendation (DE 46) in full.

Defendant Florence County's Motion for Summary Judgment (DE 41) is GRANTED as to Plaintiff's claim for retaliation in violation of the Family and Medical Leave Act, and that claim is DISMISSED with prejudice.

The Court further declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law breach of contract claim under 28 U.S.C. § 1367(c)(3), and that claim is DISMISSED without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 19, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

10